(VIA FACSIMILE)

Anna Y. Park, SBN 164242
Derek W. Li, SBN 150122
Elizabeth Esparza-Cervantes, SBN 205412
Connie Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
08 SEP 30 PM 3:33
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ResCom Services, Incorporated, and DOES 1-10, Inclusive,<br>Defendants. | Case No.: **08 CV 1785 WQH JMA**<br><br>**COMPLAINT - CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br>  National Origin Discrimination & Harassment<br>  Retaliation<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants ResCom Services, Incorporated, and Does 1 - 10 ("Defendants") subjected Charging Party Elvis Lopez and other similarly

-1-

situated individuals to harassment, resulting in a hostile work environment, and disparate treatment, including discipline and discharge, because they are Hispanic (or "Latino"). The Commission also alleges that Defendants retaliated against Elvis Lopez for participating in the protected activities of complaining about, opposing, or participating in the investigation about harassment and/or disparate treatment based on national origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. Plaintiff, United States Equal Employment Opportunity Commission, is the federal agency charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendants have been continuously doing business in California and in the jurisdiction of the United States District Court of the Southern District of California. At all relevant times, Defendants have continuously employed fifteen (15) or more persons.

6. At all relevant times, Defendants have continuously engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff reserves the right to amend the complaint to name the Doe Defendants as they become known. Plaintiff alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when Plaintiff has ascertained the identity of the Doe Defendants.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the filing of this lawsuit, Elvis Lopez filed a charge with the Commission alleging that Defendants violated Title VII. The Commission investigated and issued a Letter of Determination. The Commission found that Defendants subjected Elvis Lopez and other similarly situated employees to disparate treatment, including discipline and discharge, and a hostile work environment on the basis of national origin, Hispanic / Latino. The Commission also found that Defendants retaliated against Elvis Lopez for

1  participating in a protected activity, complaining about, and/or opposing or
2  participating in the investigation of national origin based disparate treatment and
3  harassment. Prior to instituting this lawsuit, the EEOC attempted to eliminate the
4  unlawful employment practices herein alleged and to effect voluntary compliance
5  with Title VII through informal methods of conciliation, conference, and
6  persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-
7  5(b). All conditions precedent to the institution of this lawsuit have been fulfilled.
8      10. Since at least April 2006, Defendants have engaged in unlawful
9  employment practices and in a pattern of such practices in violation of Section 703
10 and 707 of Title VII, 42 U.S.C. § 2000e-2. Defendants subjected Elvis Lopez and
11 other similarly situated employees to disparate treatment and harassment resulting
12 in a hostile work environment. The unlawful employment and discriminatory
13 practices, include but was not limited to, accusing Mr. Lopez and others because of
14 their national origin (Hispanic / Latino) of missing work on May 1, 2006 to attend
15 immigrant rights rally notwithstanding their explanation of being absent for other
16 reasons. Defendants also singled them out for embarrassment and humiliation for
17 allegedly missing work to be at the May 1st rally.
18     11. The effect of the practices complained as described above has been to
19 deprive Elvis Lopez and other similarly situated employees of equal employment
20 opportunities and otherwise adversely affect their status as employees, because of
21 their sex, female.
22     12. Since at least April 2006, Defendants have engaged in unlawful
23 employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §
24 2000e-3(a). When Elvis Lopez engaged in the protected activity of opposing or
25 participating in the investigation of national origin discrimination by complaining
26 about the national origin harassment and/or Defendants' practices, policies, and
27 procedures dealing with the May 1, 2006 absence, Defendants retaliated against
28

him. The retaliation included, but was not limited to, subjecting Mr. Lopez to discipline and other adverse actions.

13. The effect of the practices complained about, as described above, has been to deprive Elvis Lopez and other similarly situated employees of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in protected activities under Title VII.

14. The unlawful employment practices described in paragraphs 10 through 14 above were intentional.

15. As a direct and proximate result of the acts of Defendants, as described above, Elvis Lopez and the similarly situated employees have suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and damages, all to be proven at trial.

16. As a direct and proximate result of Defendants' acts as described above, Elvis Lopez and the similarly situated employees suffered a loss of earnings in an amount to be proven at trial.

17. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Elvis Lopez and the similarly situated employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their respective officers, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them, from engaging in any employment practices, including sexual harassment and a sexually hostile work environment, which discriminate on the basis of sex;

B. Grant a permanent injunction enjoining Defendants, their respective officers, successors, assigns, agents, alter ego, joint employer, integrated enterprise, successors, and all persons in active concert or participation with them,

1  from retaliating against any employee who opposes discrimination or engages in
2  any protected activity under Title VII;
3      C.    Order Defendants to institute and carry out policies, practices, and
4  programs which provide equal employment opportunities, and which eradicate the
5  effects of its past and present unlawful employment practices;
6      D.    Order Defendants to make whole Elvis Lopez and the similarly
7  situated employees by providing the appropriate back pay with prejudgment
8  interest, and front pay in amounts to be determined at trial, other past and future
9  pecuniary losses, and/or other affirmative relief necessary to eradicate the effects
10 of Defendants' unlawful employment practices;
11     E.    Order Defendants to make whole Elvis Lopez and the similarly
12 situated employees by providing compensation for past and future non-pecuniary
13 losses resulting from the unlawful practices complained as described above,
14 including, but not limited to pain and suffering, inconvenience, loss of enjoyment
15 of life, and humiliation, in amounts to be determined at trial;
16     F.    Order Defendants to pay Elvis Lopez and the similarly situated
17 employees punitive damages for its malicious and/or reckless conduct as described
18 above, in amounts to be determined at trial;
19     G.    Grant such further relief as the Court deems necessary and proper in
20 the public interest; and
21     H.    Award the Commission its costs of this action.
22 //
23 //

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

Date: September 30, 2008

BY: _____

ANNA Y. PARK
Regional Attorney

ELIZABETH ESPARZA-CERVANTES
Trial Attorney
U.S. Equal Employment Opportunity Commission
Los Angeles District Office

CONNIE LIEM
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
San Diego Area Office

Via Fax

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

08 SEP 30 PM 3 33

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**(b)** County of Residence of First Listed Plaintiff: **Los Angeles**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Anna Y. Park and Connie Liem, U.S. EEOC, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012 (213) 894-1083

## DEFENDANTS
RESCOM SERVICES, INCORPORATED and DOES 1-10, Inclusive,

County of Residence of First Listed Defendant: **San Diego County**
(IN U.S. PLAINTIFF CASES ONLY) DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

**'08 CV 1785 WQH JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 2000e-2 and 42 U.S.C. § 2000e-3(a)

Brief description of cause: unlawful employment practices based on national origin, resulting in a hostile work environment, and disparate treatment, including discipline and discharge, and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 09/30/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____