Anna Y. Park, SBN 164242
Derek W. Li, SBN 150122
Victor G. Viramontes, SBN 214158
Lorena Garcia, SBN 234091
Amrita Mallik, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1068
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Jeffrey P. Fuchsman
BALLARD ROSENBERG GOLPER & SAVITT
111 Universal Hollywood Dr., Sixteenth Floor
Universal City, CA 91608
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

Attorneys for Defendant
ResCom Services, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>     vs.<br><br>ResCom Services, Inc., and DOES 1-10, Inclusive,<br><br>            Defendant(s). | Case No.:  08-CV-01785-JMA<br><br>**CONSENT DECREE; ORDER** |

1

# I.
# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant ResCom Services, Inc. (referred to as "ResCom" or "Defendant") agree to the entry of this Consent Decree to resolve the EEOC's Complaint, filed under Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e et seq. ("Title VII"). The EEOC's complaint alleges that Elvis Lopez, hereafter referred to as the "Charging Party" and other similarly situated individuals were subject to discrimination due to their national origin (Hispanic/Latino), including racial harassment during their employment with Defendant. The Commission's complaint further alleges that the Charging Party and others were retaliated against after they complained about the discrimination and disparate treatment. Defendant denies each and every allegation set forth in the EEOC's Complaint but is willing to enter into this Consent Decree on the terms and conditions hereinafter set forth in settlement of all claims made by the EEOC in such Complaint.

# II.
# **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A.  The Parties to this Consent Decree ("Decree") are the EEOC and Defendant. This Decree shall be binding on and enforceable against Defendant and its officers, directors, agents, successors, and assigns.

B.  The Parties have entered into the Decree for the following purposes:

    1.  To provide the appropriate monetary and injunctive relief;

    2.  To ensure that Defendant's employment practices comply with federal law;

    3.  To ensure a work environment free from national origin and racial discrimination, harassment, and retaliation subsequent to any complaint of harassment;

2

        4.      To ensure training for Defendant's managers and employees with respect to the law against national origin and racial discrimination, harassment and any subsequent retaliation;

        5.      To provide an appropriate and effective mechanism for handling complaints of national origin and racial discrimination, harassment and any subsequent retaliation in the workplace; and

        6.      To avoid expensive and protracted costs incident to this litigation.

## III.
## RELEASE OF CLAIMS

A.    This Decree fully and completely resolves between Defendant and the EEOC all claims, including any and all claims of similarly-situated employees and allegations that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, Southern District of California on September 30, 2008, captioned U.S. Equal Employment Opportunity Commission v. ResCom Services, Inc., Case No. CV-01785-WQH-JMA, (the "Complaint").

B.    Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained here.

C.    Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.    This Decree in no way affects the EEOC's right to bring, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

/ / /

/ / /

/ / /

## IV.
## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained here are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided here, the Decree shall remain in effect for three (3) years after the Effective Date.

## V.
## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained here. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C. By mutual agreement of the Parties, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.
## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with

the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

  B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided here.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

  A. The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has / have been breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days from receipt of EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

  B. The Parties agree to cooperate with each other and use their reasonable efforts to resolve any dispute referenced in the EEOC notice.

  C. After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree for such period of time as the Defendant is shown to be in breach of the Decree.

## VIII.
## MONETARY RELIEF

  A. In settlement of all monetary claims of EEOC's case, the Defendant shall pay a total of One Hundred Fifteen Thousand Dollars ($115,000.00).

Allocation of settlement monetary amounts for each claimant in this case shall be at the sole discretion of the EEOC.

      B.     The EEOC shall provide a list identifying the individuals who are claimants, the amounts to be paid, and relevant identifying information, (hereafter "Distribution List").  Once Defendant receives this Distribution List, it will send to each of the class members a Release of Claims through the Effective Date.  The EEOC will not be a party to the Individual Releases.  The class members will then be provided an opportunity to seek the advice of an attorney to assist them with the decision regarding whether to sign the Individual Release.  Defendant shall pay up to a maximum of $250 for an attorney consultation on behalf of the Charging Party and/or any presently identified class member who wishes to consult with the designated attorney for this purpose.

      Within ten (10) days of the Effective Date or Defendant's receipt of the Individual Releases signed by the claimant(s), whichever is later, the Defendant shall send to each of the claimants via certified mail, return receipt requested, a cashier check or money order.  The claimants' current addresses shall be supplied by the EEOC.

      C.     The EEOC shall designate the settlement amount as compensatory damages, and no federal and state withholding taxes shall be made.  Defendant shall prepare and distribute Form 1099 or equivalent form(s) to claimants; and shall make the appropriate reports to the Internal Revenue Service and other tax authorities. The claimants are solely responsible for the payment of all taxes associated with the settlement payment.

      D.     On the same day as when the settlement cashier checks, money order and 1099 form(s) are sent to claimants, Defendant shall submit a copy of each check and related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

///

## IX.
## GENERAL INJUNCTIVE RELIEF

A. <u>Anti-Discrimination Provision</u>

Defendant, its respective officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are enjoined:

    1. from engaging in discrimination or harassment of any person on the basis of his or her race and/or national origin;

    2. from engaging in or being a party to any action, policy, or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of race and/or national origin; and

    3. from creating, facilitating or permitting the existence of a work environment that is hostile to employees on the basis of race and/or national origin.

B. <u>Anti-Retaliation Provision</u>

Defendant, its respective officers, agents, management (including all managerial employees), successors, assigns, and all those in active concert or participation with them, or any of them, are enjoined from engaging in, implementing or permitting any action, policy, or practice with the purpose of retaliating against any current or former employee or applicant because he or she has in the past or in the course of this action:

    1. opposed any practice made unlawful under Title VII;

    2. filed a charge discrimination alleging such practice;

    3. testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant) or proceeding in connection with this case and/or relating to any claim against Defendant of national origin and racial discrimination, harassment and any subsequent retaliation;

///

7

    4. was identified as a possible witness or claimant in this action; or;

    5. sought and/or received relief in accordance with this Decree.

  C. <u>Posting of Notice of Consent Decree</u>

Within ten (10) days after the Effective Date and throughout the term of this Decree, Defendant shall post a full-sized copy of the Notice of Consent Decree, attached to the Decree as Exhibit A, in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices).

  D. <u>Equal Employment Opportunity Consultant</u>

    1. Within thirty (30) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Consultant ("Monitor") with demonstrated experience in the area of employment discrimination and recruitment/hiring issues, to implement and monitor Defendant's compliance with Title VII and the provisions of this Decree.  The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld.  If the EEOC does not approve Defendant's proposed Monitor, the EEOC shall provide Defendant with a list of at least three suggested candidates acceptable to the EEOC. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include assisting and ensuring Defendant:

    a. to develop procedures regarding responding to employee concerns and requests and issuing discipline to employees without regard to national origin  in compliance with Title VII;

    b. to create, revise, apply, and implement its new policies, procedures and reporting/auditing  procedures  to carry out Defendant's obligations under this Decree;

    c. to conduct trainings as set forth in the Consent Decree, including training of managerial/supervisory staff of their responsibilities with

respect to responding to employee concerns and requests and issuing discipline to employees under Title VII;

   d. to ensure that all reports required by this Decree are accurately compiled and timely submitted; and

   e. to ensure compliance with the terms of this Decree.

 E. <u>Revision of Policy and Complaint Procedure for National Origin and Racial Discrimination, Harassment and Any Subsequent Retaliation</u>

   1. Within sixty (60) days of the Effective Date, Defendant, with the assistance of the Monitor , shall review and, if necessary, revise its policy against and complaint procedure for national origin and racial discrimination, harassment, and any subsequent retaliation. The policy and complaint procedure shall include:

   a. a clear explanation of prohibited conduct: national origin and racial discrimination, harassment, and any subsequent retaliation;

   b. an assurance that employees who make complaints of national origin and racial discrimination, harassment or provide information related to such complaints will be protected from retaliation;

   c. a clearly described complaint process for national origin and racial discrimination, harassment, and any subsequent retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors;

   d. an assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible from being disclosed to those who do not need to know;

   e. a complaint process that provides a prompt, thorough, and impartial investigation;

/ / /

/ / /

9

   f. a procedure for communicating with the complainant in writing regarding the status of the complaint / investigation, results of the investigation, and if any remedial action was taken; and

   g. assurance that Defendant will take immediate and appropriate corrective action when it determines that national origin and/or racial discrimination, harassment or any subsequent retaliation has occurred.

   h. a toll-free number shall be disseminated to all ResCom, Services Inc. employees informing them that a complaint can be logged at any time. All calls shall be tracked by the Monitor during the term of the Decree. Rescom, Services Inc. shall also publicize the EEOC complaint line (800) number.

  2. <u>Procedure for Handling Complaints</u>

  Defendant further agrees that its policy and complaint procedure shall state how its staff will handle complaints of national origin and racial discrimination, harassment and any subsequent retaliation made by employees of its clients.

  3. <u>Performance Evaluations</u>

  Defendant shall hold its managers, supervisors, and human resources personnel accountable for engaging in discrimination, or for failing to comply with Defendant's discrimination and anti-retaliation policies and procedures in such supervisory employee's annual performance evaluation.

 F. <u>Distribution of Defendant's Policies Against and Complaint Procedures for National Origin and Racial Discrimination, Harassment and Any Subsequent Retaliation</u>

  1. Within sixty (60) days of the Effective Date, Defendant shall post for the duration of the Decree a full-sized copy of its policy against and complaint procedure for national origin and racial discrimination, harassment and any subsequent retaliation. The posting shall be in a clearly visible location frequented by employees (i.e. break rooms or bulletin boards with other employee notices).

10

2. Within sixty (60) days of the Effective Date, Defendant shall distribute its policy against and complaint procedure for national origin and racial discrimination, harassment, and any subsequent retaliation to all of its employees at its facilities that are operational during the term of the Decree in Southern California.

3. For the remainder of the term of this Decree, all new employees hired shall receive within thirty (30) days of hire Defendant's policy against and complaint procedure for national origin and racial discrimination, harassment and any subsequent retaliation; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its facilities that are operational during the term of the Decree in Southern California.

4. For the remainder of the term of this Decree, all employees promoted from non-managerial to managerial positions shall receive within thirty (30) days of promotion any policies and procedures of Defendant's against and about national origin and racial discrimination, harassment and any subsequent retaliation applicable to managerial employees; and shall be provided with an in-person overview of the policy and procedures with a member of Defendant's human resources department at its facilities that are operational during the term of the Decree in Southern California.

G.  Training

1. Within sixty (60) days of the Effective Date, the Defendant shall review with the Monitor and revise its training of its policy against and complaint procedure for national origin and racial discrimination, harassment and any subsequent retaliation.

2. Within sixty (60) days after the Effective Date, the Defendant, with the assistance of the Monitor, if necessary, shall provide live training(s) of at least two (2) hours in duration about its policy against and complaint procedure for

11

national origin and racial discrimination, harassment and any retaliation to its managerial and human resources employees and a live separate training of at least one (1) hour in duration for its non-managerial employees. The employees to be trained are those who work at all of its corporate office(s) and other facilities where its employees work that are operational during the term of the Decree in Southern California. The training must be provided in a language that the employees understand, including Spanish and English.

       3. The training of managerial employees shall additionally include training on how to receive, investigate, or report to designated officials complaints of national origin and racial discrimination, harassment and any subsequent retaliation; and how to take preventive and corrective measures against national origin and racial discrimination, harassment and any subsequent retaliation.

       4. After the initial trainings described in paragraphs 2 and 3 of this section, Defendant shall conduct training every twelve (12) months (every twelve (12) months thereafter for the term of this Decree) on EEO laws, obligations of managers and supervisors on EEO compliance, its policy against and complaint procedure for racial discrimination, harassment and any subsequent retaliation for its managerial employees and separate refresher training for its employees. The employees to be trained are those who work at all of its corporate office(s) and facilities that are operational during the term of the Decree in Southern California.

       5. For any employees who miss the scheduled training described in this section, the Defendant shall show a videotape of the scheduled training to these employees within thirty (30) days of the scheduled training.

    H.    <u>Personnel Files</u>

       1. Defendant shall remove and purge all documents contained in personnel files or personnel related materials for EEOC Class Members that negatively reflect on their job performances after May 1, 2006.

///

12

# X.

# EEOC'S REQUEST FOR ADDITIONAL INFORMATION ON DEFENDANT'S INVESTIGATION OF COMPLAINTS OF NATIONAL ORIGIN AND/OR RACIAL DISCRIMINATION, HARASSMENT AND/OR ANY SUBSEQUENT RETALIATION

1. Within thirty (30) days of receipt of Defendant's Report, the EEOC may request in writing for additional information and/or the investigative file of the complaints and investigation reported in the Quarterly Investigation Report; and to provide reasons for its request.

2. Within thirty (30) days of the receipt of the EEOC's request for additional information and/or the investigative file(s), Defendant is to provide the requested information and investigative file(s) or to provide its reasons for not disclosing the information and / or investigative file.

# XI.

# RECORD KEEPING AND REPORTING

A. <u>Record Keeping</u>

The Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of complaints about national origin and racial discrimination, harassment and any subsequent retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of national origin and/or racial discrimination, harassment and any subsequent retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging each employee's receipt of Defendant's policy against and complaint procedure against; and

3. A list of the dates of the training required under this Decree that shows the names and positions of all attendees for each one.

13

4. The Defendant shall provide to the Commission upon request all documents generated in connection with any Title VII complaint, investigations, and resolutions. The Commission shall give Defendant 30 Days notice of any request for documents pursuant to this paragraph.

B. <u>Reporting</u>

The Defendant shall provide the following reports to the Commission in writing, by mail, or by facsimile:

1. Within ninety (90) days after the Effective Date and annually thereafter (with the last reporting one month before the end of the Consent Decree) for the term of the Decree, Defendant shall submit to the Commission the following:

a. verification that the Notice of Consent Decree (Attachment A) has been posted in compliance with the Consent Decree;

b. its policy against and complaint procedure for national origin and racial discrimination, harassment and any subsequent retaliation after consultation with the Monitor in compliance with the Consent Decree;

c. verification that its current or revised policy and complaint procedure for national origin and racial discrimination, harassment and retaliation have been posted in compliance with the Consent Decree;

d. verification of the distribution to Defendant's employees of its policy against and complaint procedure for national origin and racial discrimination, harassment and retaliation in compliance with the Consent Decree; and the employee's acknowledgments of the receipt of the policy and complaint procedure;

e. a copy of Defendant's training materials and schedule of training;

    f. verification that all applicable managerial and non-managerial employees have been trained in compliance with the Consent Decree;

    g. the signed acknowledgments of the employees who have been trained in compliance with the Consent Decree;

    i. verification that a record keeping system has been established for the tracking of national origin and racial discrimination, harassment complaints, the employees' acknowledgment of the receipt of Defendant's policy and complaint procedure for national origin and racial discrimination, harassment and retaliation, and for the attendance / completion of all of its employees in training concerning its policy and complaint on national origin and racial discrimination, harassment and retaliation in compliance with the Consent Decree; and

    j. a summary report of their investigation into any complaint about national origin and racial discrimination, harassment and/or retaliation for complaining about national origin and/or racial discrimination, and/or harassment.  The investigation report shall include the following for each complaint during the reporting period:

     (1) the name, national origin and race of the complaining party(ies);

     (2) the date of the complaint;

     (3) the name, national origin and race of the alleged harasser(s) of the alleged harasser;

     (4) the name, national origin, race and title of the person(s) who conducted the investigation into the complaint;

     (5) the nature of the complaint (i.e. comments, acts, pictures, etc.)

///

(6) the date of the commencement and completion of the investigation;

(7) a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

(8) the outcome of the investigation and any action taken; and.

(9) whether previous national origin and/or racial discrimination, harassment complaints had been made regarding the alleged harasser(s). If so, the report should also include the outcome of the prior investigations.

2. All reports under this Paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including the costs of the Consultant.

///
///
///
///
///
///

# XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

Dated: June 29, 2009

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

ANNA Y. PARK
DEREK W. LI
VICTOR G. VIRAMONTES
LORENA GARCIA
AMRITA MALLIK

By: s/Anna Y. Park
    Anna Y. Park
Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: May 31, 2009

DEFENDANT RESCOM SERVICES, INC.

By: s/Scott Snyder
    Scott Snyder

Dated: May 26, 2009

BALLARD, ROSENBERG, GOLPER &SAVITT
JEFFREY P. FUCHSMAN

By: s/Jeffrey P. Fuchsman
    Jeffrey P. Fuchsman
Attorney for Defendant ResCom Services, Inc.

## ORDER

GOOD CAUSE APPEARING,

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

IT IS SO ORDERED.

Dated: July 1, 2009

By: _____
THE HONORABLE JAN M. ADLER
United States Magistrate Judge